**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

BARTOLOME ABARCA CALVARIO,    )
　　　　　　　　　　　　　　　　)
　　　　　　　Petitioner,    )
　　　　　　　　　　　　　　　　)
-vs-    )　　NO. CIV-26-0690-HE
　　　　　　　　　　　　　　　　)
SCARLET GRANT, et al.,[1]    )
　　　　　　　　　　　　　　　　)
　　　　　　　Respondents.    )

## **ORDER**

Petitioner Bartolome Abarca Calvario seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).  According to the habeas petition and record, petitioner is a native and citizen of Mexico who entered the United States at or near El Paso, Texas on or about an unknown date.  The petition indicates he has resided in the United States since approximately 2002 and lives in Oklahoma.  In October of 2025, petitioner was taken into ICE custody.  He was placed in removal proceedings through the issuance of a notice to appear, charging petitioner as subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) [8 U.S.C. § 1182(a)(6)(A)(i)], as an alien present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General.  Subsequently, petitioner requested a custody redetermination, which was denied by an immigration judge

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Todd Blanche in his official capacity as acting Attorney General of the United States is substituted as respondent for Pamela Bondi, sued in her official capacity as Attorney General of the United States.*

on January 9, 2026 for lack of jurisdiction.  However, the immigration judge made an alternate finding that, if a "higher Court" should reverse the denial decision, release on a $30,000 bond would be appropriate and the petitioner should seek a redetermination referencing the alternative ruling.  The petition indicates petitioner is currently detained by ICE at Cimarron Correctional Center in Cushing, Oklahoma.

In the petition, petitioner claims his detention pursuant to 8 U.S.C. § 1225(b)(2) violates the INA and the Fifth Amendment due process clause.  He maintains his detention should be determined under 8 U.S.C. § 1226(a), which allows for release on conditional parole or bond.  As ordered by the court, the federal respondents have responded to the petition, asserting that petitioner's detention, pursuant to 8 U.S.C. § 1225(b)(2)(A), does not violate the INA or the Fifth Amendment due process clause.  Should the court rule against respondents on the § 1225(b)(2)(A) issue, they request the court to deny petitioner habeas relief since he has also had a bond hearing pursuant to § 1226(a).  In reply, petitioner contends that his detention is governed by § 1226(a), and the court should order a new bond hearing for him, since no enforceable order exists, and to ensure respondents bear the burden of proof.

The court concludes the habeas petition should be conditionally granted. Respondents recognize that "the members of this Court have established their respective positions on this [§ 1225(b)(2)(A)] issue" and "[j]udicial economy and Rule 1 are not furthered by continued relitigation of the same points."  [Doc. #6, p. 1].  However, for the reasons stated in Avila v. Bondi, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), as well as the reasons

stated in Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents urge the court to hold petitioner is properly held pursuant to § 1225(b)(2)(A) and deny petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026).  The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties.  However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[2] and the Second Circuit Court of Appeals in Cunha v. Freden, No. 25-3141-pr, slip op. (2d Cir. Apr. 28, 2026), and the Seventh Circuit Court of Appeals in Castanon-Nava v. U.S. Department of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025).

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing pursuant to that section.  As petitioner had a bond hearing before filing his petition, albeit before a judge who thought the proceeding was governed by § 1225(b) rather than § 1226, the court concludes effect should be given

---

[2] See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).

to the immigration judge's alternative finding.[3] The court will therefore grant the habeas corpus petition, with delayed effect sufficient to allow the redetermination contemplated by the IJ's alternate finding.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED** as follows:  Respondents are **ORDERED** to release the petitioner within **three (3) business days** from the date of this order unless, in the meantime, petitioner is ordered released on bond pursuant to the IJ's alternative finding.  Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 29th day of April, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3] *This court is not a "higher Court" in the sense of appellate review of the IJ's determination, but does have the authority to grant a writ of habeas corpus subject to stated conditions.*